UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60072-CIV-COHN/SELTZER

MYRIAM REMY,

     Plaintiff,

vs.

AZOPHARMA CONTRACT SERVICES, INC.
a foreign corporation, d/b/a AZOPHARMA
PRODUCT DEVELOPMENT GROUP, LLC,

     Defendant.

_____/

ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Deposition and for

Sanctions (DE 24) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE

6).  The Court having considered the briefed Motion (DE 24, DE 26, DE 28, and DE 29)

and being otherwise fully advised, it is hereby ORDERED that the Motion is GRANTED in

PART and DENIED in PART  as follows:

     1.     Plaintiff's Motion to Compel is GRANTED to the extent that, unless otherwise

agreed by the parties, Defendant's Corporate Representative shall appear for deposition

at a date, place, and time mutually agreeable to the parties and to counsel, but in no event

later than September 15, 2010.[1]

     2.     Plaintiff's Motion for Sanctions is DENIED. Plaintiff asks that the Court

---

[1] The Court is aware that this completion date is outside the July 27, 2010 discovery deadline.  See Order (DE 23).  This Order, however, does not authorize the taking of any other depositions or other discovery after July 27, 2010,  and it does not change any other pretrial deadlines.  See Order (DE 23) (setting calendar call for September 30, 2010); see Plaintiff's Notice of August 9, 2010 30(b)(6) Deposition (DE 24 -1).

impose a variety of sanctions against Defendant, including striking Defendant's "pleadings," "preclud[ing Defendant] from entering any evidence," and awarding attorneys' fees and expenses.  Reply at 2 (DE 29) (seeking monetary and case-dispositive sanctions); see Motion (DE 24) (seeking only monetary sanctions); see also Fed. R. Civ. P. 37(d)(1) ("The court . . . may . . . order sanctions if a party . . . or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition. . .").

While Federal Rule of Civil Procedure 37(d)(3)[2] authorizes a court to impose such sanctions against parties for failing to attend their deposition, the Court finds that the requested case-dispositive sanctions, which are equivalent in severity to a dismissal, are not warranted here.  See Wouters v. Martin County, Florida, 9 F.3d 924, 934 (11th Cir. 1993) ("[d]ismissal is warranted only where noncompliance with discovery orders is due to willful or bad faith disregard for those orders" and warranted only in extreme cases and as a last resort); In re Polyproplylene Carpet Antitrust Litigation, 181 F.R.D. 680, 696 (N.D. Ga. 1998) ("The decision to dismiss a claim . . . 'ought to be a last resort – ordered only if non-compliance with discovery orders is due to willful or bad faith disregard for those orders.'") (quoting Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986)); see Response (DE 26).  Additionally, the Court finds that an award of expenses in favor of Plaintiff would be unjust.  See Fed. R. Civ. P. 37(d)(3) (requiring an award of expenses "caused by the failure [to attend the deposition] unless . . . other circumstances

---

[2] Federal Rule of Civil Procedure 37(d) permits the court to enter sanctions authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi), which include prohibiting introduction of designated matters into evidence, striking out pleadings, dismissing the action, and/or rendering a default judgment against the disobedient party. See Fed. R. Civ. P. 37(d)(3); see also Fed. R. Civ. P. 37(b) (2).

make an award of expenses unjust."); <u>see also</u> Response (DE  26); Motion at Ex. 2 (DE

24-2) (August 6, 2010 email from defense counsel to plaintiff's counsel concerning

deposition at issue and informing of difficulties).  Accordingly, the Court declines to impose

the sanctions requested by Plaintiff.[3]

       DONE AND ORDERED at Fort Lauderdale, Florida this 27th day of August 2010.


BARRY S. SELTZER
United States Magistrate Judge


Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record

---

[3]  This Court expects counsel to cooperate and to fully comply with the applicable rules in all proceedings in this cause.  <u>See</u> S.D. Fla. L.R. 11.1.C (incorporating the Rules Regulating The Florida Bar into Local Rules); Preamble, Guidelines for Professional Conduct, Florida Bar Rules (noting that attorneys have a "duty of courtesy and cooperation with fellow professionals for the efficient administration of our system of  justice and the respect of the public it serves").   That said, the Court is confident that counsel – officers of the Court – will comport themselves professionally throughout the examination and work in good faith to resolve any differences that may arise.  <u>See</u> <u>Bechard v. Costanzo</u>, No. 91-CV-1358, 1995 WL 105991, at *4 (N.D.N.Y. Feb. 24, 1995) ("The court expects that the parties can act in a professional manner and that they are quite capable, as officers of the court, to conduct the examination in accordance with the strictures of the Federal Rules of Civil Procedure.")